No. 13220

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

JOSEFA LEVC (nee O'Blak) and
IVANA OGRIN (nee O'Blak),

Plaintiffs and Respondents,

-vs-

THE HONORABLE HOLLIS G. CONNORS,
Treasurer of the State of Montana,
and Keith Colbo, Director, Department
of Revenue of the State of Montana,

Defendants and Appellants.

Appeal from: District Court of the First Judicial District,
Honorable Peter Meloy, District Judge presiding.

Counsel of Record:

For Appellants:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Marshall Murray, argued, Kalispell, Montana

For Respondents:

Thomas F. Dowling argued, Helena, Montana

Submitted: August 31, 1976

Decided: OCT 18 1976

Filed: OCT 18 1976

_Thomas J. Kearney_
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from a judgment of the district court, Lewis and Clark County, awarding plaintiffs funds that had escheated to the State of Montana.

Plaintiffs are the nieces and heirs at law of Frank O'Blak who died intestate in Billings, Montana, on June 24, 1970.

The estate was administered by public administration, and after finding no known heirs, it was ordered paid to the state treasurer as escheated funds in the amount of $8,693.93.

When the heirs in Yugoslavia learned of their uncle's death they filed this action to claim the funds. The district court ruled the heirs were within the exception to the two-year statute of limitations even though the action was filed more than two years after the escheated funds had been received by the state treasurer.

The heirs were granted judgment for the escheated funds.

The issue before this Court is whether the exception to the two-year statute of limitations for citizens of the United States beyond the limits of the United States, applies to citizens of Yugoslavia resident in Yugoslavia.

The statute in question, section 91-509, R.C.M. 1947, reads in pertinent part:

> " * * * Such action must be brought within two
> (2) years from the date on which the money or
> property is received by the state treasurer,
> saving, however, to infants and persons of
> unsound mind, or citizens of the United States
> beyond the limits of the United States, the
> right to commence their action at any time
> within the time limited or two (2) years after
> their respective disabilities cease." (Emphasis
> supplied.)

Plaintiffs are not citizens of the United States, but are citizens and residents of the Peoples Republic of Yugoslavia.

It is admitted for this case that reciprocity of inheritance rights and reciprocity of transfer of funds exist between the United States and Yugoslavia.

It is settled by Kolovrat v. Oregon, 366 U.S. 187, 6 L ed 2d 218, 81 S.Ct. 922, and Estate of Spehar, 140 Mont. 76, 367 P.2d 563, that under the reciprocity provisions of an 1881 treaty and its "most favored nation" clause, Yugoslavian claimants have the same right to inherit their relatives' personal property as they would if they were American citizens living in Montana. The relevant portions of the treaties directing that result are set out in the footnotes to the report of Kolovrat.

The district court held that the Yugoslavian heirs are entitled to the same exemption that American citizens have who are outside the United States until their disability ceases and that their disability reasonably ceased in this case upon actual notice of the death of their uncle. The Court also indicated that section 91-502, R.C.M. 1947, requires the state to hold escheated property in trust for 10 years within which time it may be claimed by filing an action.

We hold that the statute applies to these Yugoslavian claimants as it would to Montana residents. There is no question they are entitled to inherit property on the same basis as residents. This is in accordance with Kolovrat.

However, they are not included in the class of United States citizens outside the United States. We do not feel compelled to go beyond the holding in Kolovrat and judicially designate them as within that class and entitled to the exception.

This exception was enacted in 1943. At that time large numbers of our citizens were called to duty outside the United States. Presumably this exception was enacted for their benefit until they could return to their homeland.

- 3 -

We are referred to the general rules that limitation statutes making exceptions in favor of persons under disability must be strictly construed and that courts will not read into statutes of limitation an exemption or disability which has not been embodied therein.

If we were to accept plaintiffs' argument that the statute did not run until they received notice of the death, we would be reading into the statute an additional requirement. Notice of the death of a deceased is not a disability or exception to the statute.

We also point out that the statute in question here is a limitation statute and affects the remedy to assert the right, not the right itself. The right of these heirs to inherit is not in question and is established.

The case is remanded to the district court with direction to apply the two-year statute of limitation in accordance with this opinion.

_____
Chief Justice

We concur:

_____

_____
Justices

- 4 -

Mr. Justice Haswell dissenting:

I dissent. In my view these Yugoslavian claimants are entitled to the property of their deceased relative.

The provisions of the treaties held to apply in Kolovrat v. Oregon, 366 U.S. 187, 81 S.Ct. 922, 6 L ed 2d 218, are broader than the specific holding required in that case. The following is a quote from one of the treaties held to apply in Kolovrat and is set out in a footnote to Kolovrat at page 223:

> "'In whatever relates to * * * acquiring and disposing of property of every sort and denomination, either by sale, donation, exchange, testament, or in any other manner whatsoever, * * * the citizens of the two contracting parties shall reciprocally enjoy the same privileges, liberties, and rights, as native citizens * * *.'" (Emphasis added.)

Although the decision in this case necessarily goes beyond Kolovrat because we are concerned here with a statute of limitations where the right to inherit is conceded, the emphasized portion of the treaty dictates that these heirs have the same privilege as native citizens under the statute of limitations.

The treaty requires that in whatever relates to acquiring and disposing of property, these heirs are the same as native citizens. These words do not allow a distinction between the right to inherit, established in Kolovrat, and the remedy to obtain that right as affected by a limitation statute. Where the legislature has made an exception for United States citizens, the treaty requires that same exception be applied to these heirs. Therefore, because United States citizens are entitled to claim within two years of actual notice of the death of their deceased relative in Yugoslavia, Yugoslavian citizens are entitled to claim within the same time period and the claim here involved is not barred.

Accordingly I would affirm the judgment of the district court.

_____
Justice

- 5 -